# THE PEOPLE OF PORTO RICO

## *v.*

# FORTUNA ESTATES.

San Juan, Law, No. 1191,

REIVINDICACIÓN.

Ejectment—Possession.

> 1. In ejectment or reivindicación the plaintiff must be entitled to possession, and this may be shown to be true of the landlord, despite the lease.

Taxes—Sovereign.

> 2. The collection of taxes by the sovereign does not prevent him from claiming title to the land in a proper case.

Prescription—Sovereign.

> 3. There can be no prescription against the sovereign, but this does not apply to a case where one holds immediately under the sovereign. All title ultimately is derived from the sovereign.

Pleadings—Possession.

> 4. The possession for twenty years is good in general, and that applies where nothing to the contrary is shown in the pleadings.

Opinion filed January 20, 1921.

The *Attorney General* and *Mr. Joseph A. Loret* for plaintiff.

*Mr. O. B. Frazer* for defendant.

HAMILTON, Judge, delivered the following opinion:

NOTE.—On what title or interest will support an action in ejectment, see note in 18 L.R.A. 781.

People v. Fortuna Estates.

It has been held by this court a number of times construing the provision of the Revised Statutes as to setting out grounds of demurrer that it will not entertain demurrers which do not specify the defect complained of. The reason is that, as the Revised Statutes require this to be done, any provision in the local Code of Civil Procedure must yield. However in the case at bar, as the points are fully discussed by brief and the matter is not objected to by the other side, the court will look into the principal defects urged.

1. This is a suit in ejectment or "reivindicación" to recover certain land claimed by the people of Porto Rico. The first defect alleged is that it is improper to allege as a defense defendant leased out the property in question. The point may be regarded as settled in this court that "reivindicación" of land does not lie unless the plaintiff is entitled to possession. United States v. St. John's Gas Co. 5 Porto Rico Fed. Rep. 174. It may be that the landlord is entitled to possession despite the lease or that in some way the lease gives him the right or duty to sue in his own name. In such case the tenant would rather be an agent than a real tenant. The point comes up often, even in common-law ejectment, and the method pursued is to sue in the name of the tenant. In some cases it might be proper to join the tenant so as to have the whole title before the court.

2. The collection of taxes by a sovereign does not estop him from claiming the land itself. Whether it would affect the question of rents and profits need not now be decided. The demurrer to defense on this ground is, therefore, sustained.

The particular prescription should under § 128 of the Code of Civil Procedure be set out by number and subdivision. This

People v. Fortuna Estates.

is not done in the answer demurred to, and the demurrer on that ground is accordingly sustained.

3. The argument that there can be no prescription against the plaintiff as a sovereign, or representing the sovereign, does not apply to the case as presented. The complaint does not show that the plaintiff's title is that of the King of Spain or of the United States, nor is this shown by the answer non constat that the plaintiff has bought or otherwise holds a title derived from some private person. It may, of course, be that the title originally came from the King of Spain, but that would probably apply to all titles in Porto Rico. The interesting discussion of this phase of the question, therefore, cannot at present be taken into account.

4. For similar reasons to that mentioned in 2, the demurrer to the fifth defense cannot be sustained. A possession of twenty years is good in general, and nothing appears in the pleadings why it might not apply to the case at bar. For all that appears in the pleadings, the same is true of the demurrer to the sixth defense on the subject of defendant's recorded title in dominio. The demurrer to the fifth and sixth defenses must, therefore, be overruled, and that to the seventh must share the fate of the earlier one as to taxes.

The demurrer is, therefore, overruled in part and sustained in part as above.

It is so ordered.